UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON TOLBERT,** | ) | **CASE NO. 1:24 CV 1340** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **DR. JOHN DOE, et al.,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Brandon Tolbert filed this action against Mansfield Correctional Institution ("MANCI") Doctor John Doe and Medical Administrator Jane Doe. In the Complaint (Doc. # 1), Plaintiff indicates he was diagnosed with a rare disease and the Defendants refuse to provide him with the medication prescribed for him. He claims this is a violation of his Eighth Amendment rights and seeks monetary damages.

**I. BACKGROUND**

Plaintiff's Complaint is very brief and is composed largely of conclusory legal statements. He states that he has been incarcerated in MANCI since 2003. He alleges he was diagnosed with a rare disease for which he was prescribed medication. He does not identify the disease, does not indicate when he was diagnosed, does not state which medication he was prescribed or who prescribed it for him. He attaches an internet search on sarcoidosis, suggesting this is the disease with which he was diagnosed. Plaintiff alleges that prison officials

refused to provide him with the medication that was prescribed. He states that on June 1, 2024, he lost consciousness while engaged in normal daily activities and was transported to a hospital. He contends he is now back at MANCI and is still experiencing deliberate indifference to his serious medical needs.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

-2-

will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff's claim is stated almost entirely as a legal conclusion with very few factual allegations. He does not identify the disease with which he was diagnosed, but attaches a copy of an internet search. The Court presumes that he is alleging he was diagnosed with

sarcoidosis. That same attachment states, "many cases resolve on their own or with treatment, but chronic sarcoidosis can be managed with medications and careful monitoring." (Doc. No. 1-2 at PageID #: 11). It then states, "it is important to note that in some cases, it may be beneficial to monitor symptoms without treatment. You and your healthcare provider can make a plan that works for your specific case." (Doc. No. 1-2 at PageID #: 11). Plaintiff gives no indication of what medication he was prescribed, who prescribed it for him, when it was prescribed for him, or why the Defendants do not want to give him that medication. A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). He does not indicate what, if anything, the Defendants are doing to monitor and manage his symptoms. Plaintiff has not even alleged facts to suggest how or if the Defendants were involved personally in his medical decisions. Finally, while Plaintiff alleges he lost consciousness, he does not indicate whether this was related to the disease from which he suffers. He has not alleged sufficient facts to state a plausible claim for relief under the Eighth Amendment.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

10/24/2024
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**